UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN WILSON, an individual; RAYMOND HARTLEY, an individual, and ELIJAH BROWN, an individual<br><br>Plaintiffs,<br><br>v.<br><br>THE ROYALTY NETWORK INC., a New York corporation; SLIP-N-SLIDE RECORDS, INC., a Florida corporation; SLIP-N-SLIDE ENTERPRISES, INC., a Florida corporation; FIRST-N-GOLD PUBLISHING, INC., a Florida corporation; KOBALT MUSIC PUBLISHING AMERICA INC., a Delaware corporation; THEODORE LUCAS, an individual;  and DOES 1-10,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. BREACH OF CONTRACT<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs Sean Wilson, Raymond Hartley, and Elijah Brown, by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*, and New York state law.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff Sean "Pupp" Wilson is an individual.

5. Plaintiff Raymond "Raylo" Hartley is an individual.

6. Plaintiff Elijah "DJ Chipman" Brown is an individual.

7. Plaintiffs are informed and believe that at all times mentioned herein, that Slip-N-Slide Records, Inc. ("Slip-n-Slide") is Florida corporation with a principal address at 8003 Northwest 154th Street, Suite 349, Miami Lakes, Florida 22016, according to the Florida Department of State's website.

8. Plaintiffs are informed and believe that at all times mentioned herein, that Slip-N-Slide Enterprises, Inc. ("Slip-N-Slide Enterprises") is a Florida Corporation with a principal address at 919 4th Street, Miami Beach, Florida 33139, according to the Florida Department of State website.

9. Plaintiffs are informed and believe that at all times mentioned herein, that First-N-Gold Publishing, Inc. ("First-N-Gold") is Florida corporation with a principal address at 900 Circle 75 Parkway, Suite 1430, Atlanta GA 30339, according to the Florida Department of State's website.

10. Plaintiffs are informed and believe that at all times mentioned herein, that Kobalt Music Publishing America Inc. ("Kobalt") is a Delaware corporation with a principal address of 2 Gansevoort Street, 6th floor, New York, New York 10014, according to the New York Department of State's website.

11. Plaintiff are informed and believe that at all times mentioned herein, The Royalty Network Inc. ("Royalty") is a New York corporation with a principal address at 224 West 30th Street, Suite 1007, New York, New York 10001, according to the New York Department of State website.

12. Plaintiffs are informed and believe that at all times mentioned herein, that Theodore Lucas is an individual residing and doing business in Florida.

13. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

14. Plaintiffs are informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-

3

ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## Factual Background

15. Plaintiffs Sean Wilson, Elijah Brown, and Raymond Hartley (collectively "Plaintiffs") are artists and musicians.

16. Together, Plaintiffs created, authored, and produced the composition and sound recording comprising the musical work, "Peanut Butter Jelly Time" ("PBJ Time").

17. PBJ Time is registered with the United States Copyright Office.

18. On information and belief, Hartley entered into an agreement with Defendant Lucas related to PBJ Time whereunder Lucas would endeavor to solicit potential label representation ("Agreement").

19. On information and belief, Wilson and Brown never entered into any agreement with the Defendants.

20. On information and belief, Plaintiffs allege that Defendants violated the Agreement and have exploited PBJ Time by marketing, registering, exploiting and monetizing PBJ Time by without limitation collecting royalties, license payments, and other monies related to the songs without Plaintiffs' consent and without proper payment to Plaintiffs.

21. On information and belief, Plaintiffs allege that Defendants have added additional false authors to PBJ Time's BMI and ASCAP registrations without authorization or approval of Plaintiffs.

22. On information and belief, Plaintiffs allege PBJ Time has been licensed and authorized to third parties by Defendants.

23. On information and belief, Plaintiffs allege that Defendants at no point sought consent from Plaintiffs or notified Plaintiffs of their actions.

24. On information and belief, Plaintiffs allege that Defendants continue to exploit and receive royalties and other monies from their exploitation of PBJ Time in violation of Plaintiffs' rights in PBJ Time and in violation of the parties' agreements. Defendants' wrongful copying and/or exploitation of Plaintiff's copyrighted material has also allowed for further infringement abroad.

### First Claim for Relief

*(For Copyright Infringement—Against all Defendants, and Each)*

25. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

26. Plaintiffs are the exclusive owners of PBJ Time and its copyrights.

27. PBJ Time is an original composition and recording.

28. PBJ Time is registered with the U.S. Copyright Office.

29. Upon information and belief, Plaintiffs allege that Defendants had access to PBJ Time because PBJ Time was shared with Lucas by one or more Plaintiff.

30. In addition, Defendants have licensed and otherwise exploited a song that is at least virtually identical to PBJ Time, which striking similarity further establishes access.

5

31.     Upon information and belief, Plaintiffs allege that Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, and display of PBJ Time in violation of Plaintiffs; rights under 17 U.S.C. Section 106. Such exploitation includes, without limitation, Defendants', and each of them, distributing and broadcasting PBJ Time on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube, and licensing and authorizing others to exploit PBJ Time.

32.     Due to Defendants' acts of infringement, Plaintiffs have suffered actual, general, and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of PBJ Time.

33.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in Plaintiffs' copyrighted composition. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in PBJ Time in an amount to be established at trial.

34.     Plaintiffs are informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

**Second Claim for Relief**

*(For Vicarious and/or Contributory Copyright Infringement—Against all Defendants, and Each)*

35. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

36. Plaintiffs are informed and believe and now allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of PBJ Time as alleged above. Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of PBJ Time.

37. Plaintiffs are informed and believe and now allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the publication and distribution of PBJ Time. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of PBJ Time.

38. By reason of Defendants, and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

39. Due to Defendant's acts of copyright infringement as alleged herein, Defendant's, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights. As such, Plaintiffs are entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiffs' rights in his copyrighted composition in an amount to be established at trial.

40.     Plaintiffs are informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

*(Breach of Contract – Against Lucas)*

41.     Plaintiffs repeat, re-allege, and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

42.     Upon information and belief, Hartley and Lucas entered into an agreement under which Lucas was to solicit potential label representation.

43.     Upon information and belief, Plaintiffs discharged all obligations under that Agreement.

44.     Upon information and belief, Plaintiffs allege that Lucas breached the Agreement by, inter alia, failing to conform to the scope of the license and failing to properly tender any consideration due under the license.

45.     Upon information and belief, Plaintiffs allege Lucas or an affiliate fraudulently registered PBJ Time with various rights organizations and/or the Copyright Office.

46.     Upon information and belief, Plaintiffs allege that Lucas failed to obtain proper label representation under the Agreement.

47.     The aforementioned breaches have resulted in general and special damages to Plaintiffs in an amount to be established at trial.

## Prayer for Relief

*(Against All Defendants)*

With Respect to Each Claim for Relief, Plaintiffs demands judgment against Defendants as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to PBJ Time;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiffs' copyrights in and to Plaintiffs' copyrighted composition;

c. For a constructive trust to be entered over any recordings, videos reproductions, files, online programs, and other material in connection with PBJ Time and all revenues resulting from the exploitation of same, for the benefit of the Plaintiffs;

d. That Plaintiffs be awarded all profits of Defendants, and each, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to Plaintiffs' actual damages and lost profits;

f. That Plaintiffs be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 or other statutory or common law;

g. That Plaintiffs be awarded pre-judgment interest as allowed by law;

h. That Plaintiffs be awarded the costs of this action;

i. That Plaintiffs be adjudged the lawful authors and copyright owners for PBJ Time; and

j. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

Plaintiffs demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Date: September 3, 2025  By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
scott@donigerlawfirm.com
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
Telephone: (310) 590-1820

*Attorneys for Plaintiffs*